**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ERIC OMAR LEPE ESTRADA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    24-6588

Agency No.
A078-079-972

MEMORANDUM[*]

On Petition for Review of an
Immigration Judge's Decision

Argued and Submitted August 14, 2025
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER,[**] District Judge.

Eric Omar Lepe Estrada ("Lepe Estrada"), a native and citizen of Mexico currently detained in the custody of the Department of Homeland Security, petitions for review of the decision of the Immigration Judge ("IJ") affirming the negative reasonable fear determination of an asylum officer ("AO"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

under 8 U.S.C. § 1252. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review the factual findings underlying the IJ's denial of Convention Against Torture relief and determinations for withholding of removal for substantial evidence. *Id.* at 833; *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). Administrative findings of fact are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B). We review questions of law, including due process challenges to reasonable fear proceedings, *de novo*. *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019); *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir. 2008). We grant the petition and remand.

1. Lepe Estrada maintains that the IJ violated his due process rights when the IJ did not provide "adequate reasoning" to show that he conducted a *de novo* review of the AO's determination; that the IJ applied a higher standard of proof than is required for a reasonable fear review hearing; and that the IJ's conclusions that Lepe Estrada did not have a reasonable fear of persecution based on a protected ground or a reasonable fear of torture were not supported by substantial evidence.

2. The IJ's order indicates that, after considering the evidence, he found that Lepe Estrada had "not established a reasonable possibility that [Lepe Estrada] would be persecuted on the basis of a protected ground, or a reasonable possibility that [he]

- 2 -

would be tortured in the country of removal." This is the correct standard of proof for a reasonable fear determination. *See* 8 C.F.R. § 208.31(c). But in explaining why he concurred with the AO's reasonable fear determination, the IJ stated that he "agrees with the decision of the asylum officer that the applicant has not shown that he is *likely* to [be] persecuted in the future on account of a basis described in section 101(a)(42) of the Immigration and Nationality Act. . . . Furthermore, the applicant has not demonstrated that anyone in the government of Mexico is *likely* to torture him if he returns to Mexico, or that the government would be willfully blind to such treatment." By indicating that he based his conclusion that Lepe Estrada had not established a reasonable possibility of persecution on the basis of a protected ground or of torture on the IJ's conclusion that Lepe Estrada had not shown that either outcome was *likely*, the IJ indicated that he was applying a higher standard of proof than is required at this stage for a reasonable fear determination. The Ninth Circuit has held that the "reasonable possibility" standard for a reasonable fear determination requires only the determination that there is at least a 10% chance that the noncitizen would be persecuted on the basis of a protected ground or tortured in the country of removal. *See Bartolome*, 904 F.3d at 813. The IJ's use of the term "likely" indicates that he held Lepe Estrada to a higher burden than merely showing a 10% likelihood of persecution or torture. *See Abebe v. Gonzales*, 432 F.3d 1037, 1042 (9th Cir. 2005)

- 3 -

(finding that the IJ failed to make clear whether he applied the correct standard when he concluded that the feared persecution was "not likely to be a threat" to petitioner). Absent any indication in the record that this is a mere misstatement and that IJ actually applied the proper standard,[1] we conclude that the IJ applied an improperly high standard of proof for a showing of reasonable fear in a reasonable fear review hearing. Because the IJ erred by applying the wrong standard, we remand to the agency to apply the correct standard. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1183 (9th Cir. 2023) (remanding to the agency to apply the correct standard). We remand with instructions for the IJ to consider whether Lepe Estrada has shown that there is a reasonable possibility that he will be persecuted in the future on the basis of a protected ground or that he will be tortured if returned to Mexico. *See Bartolome*, 904 F.3d at 813.[2]

3. Because Lepe Estrada has shown that the IJ applied a higher standard of proof than is necessary for a showing of reasonable fear in a reasonable fear review hearing, we deem it unnecessary to address the remaining issues raised in this appeal.

---

[1] In arguing that the IJ applied the correct standard of proof and that the use of "likely" in his explanation does not indicate that the wrong standard was used, the government cites *Canales v. Garland*, 2022 WL 14955179 (9th Cir. Oct. 26, 2022) (mem.). *Canales* is a non-precedential memorandum disposition that is also factually distinguishable.

[2] We grant Lepe Estrada's motion to stay removal.

**PETITION GRANTED; REMANDED.**